## HOPPER v. MOORE & CO. ET AL.

<div style="float:right">

| 42 | 563 |
|---|---|
| 89 | 263 |
| 42 | 563 |
| 127 | 99 |
| 42 | 563 |
| 129 | 81 |

</div>

1. **Evidence**: BURDEN OF PROOF: BANK. To render the successors of a bank liable for its delinquencies, something more must be shown than the mere fact that they succeeded it in business, and the party seeking to recover therefor must prove that they received some portion of its funds or property.

2. ———: CONFLICT: VERDICT. Where there is some testimony in support of the verdict, it will not be disturbed on the ground that it is against the weight of the evidence.

3. **Practice**: INTERROGATORIES TO THE JURY. After the argument to the jury has commenced, it is too late to present interrogatories to be submitted with the case to the jury.

4. **Instructions**: REFUSAL TO GIVE. The refusal to give instructions asked, though correct in law, does not constitute error when other instructions of the same purport are given by the court upon its own motion.

5. **New Trial**: NEWLY DISCOVERED EVIDENCE: DILIGENCE. A new trial will not be granted on account of newly discovered evidence, not cumulative in its character, without a showing of diligence to discover it by the party moving for the new trial. What constitutes diligence will depend upon the circumstances of the case.

*Appeal from Montgomery Circuit Court.*

FRIDAY, MARCH 24.

THE plaintiff sent to the Bank of Red Oak a note executed by Henry Lee & Co., and guaranteed by J. F. Somes & Co. for collection. The latter firm was composed of J. F. Somes and H. A. McFatrich, and Moore was president of the bank, which no longer has an existence; the defendants, Moore & Co., being its successors in the business, but whether they were liable for the delinquencies of the bank was a controverted point. While the note was in the bank for collection, J. F. Somes drew the check of J. F. Somes & Co. on the funds of the firm in the bank for the amount due on the note, and the note was delivered up to him; the check for the time being was treated by Somes and the bank as a payment of the note.

But on the same or the next day Somes returned the note, and asked that the check be destroyed, which was done, and the note returned to the plaintiff as uncollectible. The plaintiff insists that these facts constituted a payment of the note, and that the funds received by the bank in payment of the note passed into the hands of the defendants. This is denied and the defendants claim, among other things, that the guarantee of the note by Somes & Co. was a matter outside of the partnership business, that the same was written by Somes against the express wish of McFatrich, and that the bank and defendants had knowledge of this fact at the time the check was drawn, note delivered up and returned. The jury found for the defendants and plaintiff appeals.

*W. S. Strawn,* for appellant.

When a verdict is against the weight of evidence and shows no proper exercise of judgment on the testimony submitted, the cause should be reversed. (*Curlin v. C., R. I. & P. R. Co.,* 37 Iowa, 316.) An agent for the collection of money is limited strictly to the authority conferred. (Story on Agency, 6 ed., § 63 *a*.) His authority will not justify what the principal could not be presumed to intend, or what would defeat the end for which the authority was conferred. (Story on Agency, § 83.) If the agency arises from authority to do a particular act, it is limited to the appropriate means to accomplish that very act and there ends. (Story on Agency, § 87.) A new trial should be granted where evidence has been discovered which could not have been anticipated by the exercise of diligence. (*German v. Maquoketa Savings Bank,* 38 Iowa, 368; *Hambel v. Williams,* 37 Id., 224.)

*C. E. Richards* and *Mayne & McPherson,* for appellees.

If one is surprised by the introduction of evidence upon the trial which he is not prepared to meet, he should ask for a continuance. (*Dunlavey v. Watson,* 38 Iowa, 398.) Inapplicable instructions, though containing correct rules of law, should not be given. (*Ocheltree v. Carl,* 23 Iowa, 394.)

Hopper v. Moore.

SEEVERS, CH. J.—There was no evidence showing or tend-·ing to show, other than the fact that the defendants are the

1. EVIDENCE: successors of the Bank of Red Oak, that any of
burden of
proof: bank. the funds or property of the bank passed into the hands, or under the control, of the defendants. The jury could not, therefore, find otherwise than they did. This was a necessary fact to be proved by the plaintiff, before he could recover of the defendants for the delinquencies of the bank. Or at least he should in some manner have shown that the defendants were something more than the mere successors of the bank in business, before he could recover, and as we read the record there was no testimony whatever on the subject.

But if the facts above indicated had been ever so clearly proved, still under the numerous decisions of this court the

2. ——: con- verdict was not so clearly against the evidence as
flict: verdict. to justify us in disturbing it. There was at least some testimony tending to sustain the theory advanced by the defendants, and its weight and credibility was for the jury to determine.

The plaintiff, after the argument to the jury had· com-menced, submitted pertinent and proper interrogatories to be

3. PRACTICE: answered by the jury. The defendants' objection
interroga-
tories to the thereto, that· they came too late, was sustained, and
jury. the court refused to submit the same to the jury, "for the reason that the same were offered and asked just be-fore the closing argument." In this there was no error. Code, Sec. 2808.

The instructions asked by the plaintiff and refused, ab-stractly considered, were no doubt correct, and such refusal

4. INSTRUC- might have constituted error, but for the fact that
TIONS: refu-
sal to give. the instructions given by the court cover the same ground, and without doubt, because of their applicability to the evidence, aided the jury in coming to a correct conclu-sion, much more than those refused would or could have done. The instructions fairly present the law of the case, and are not objectionable either in form or spirit. It·occurs to us that the objections urged by counsel are more in the nature of

objections to the verdict or case as a whole, than to the legal propositions announced.

The testimony of McFatrich is objected to for the reason that it relates solely to things of a private nature between Somes and himself, knowledge of which was not brought home to the plaintiff. The material portion of his evidence was, " when I learned that Somes had guaranteed the payment of this note, I told Moore that the note should not be paid under any circumstances. I demanded back the money from the bank of Red Oak."

The bank, for the purpose of collecting the note, was the agent of the plaintiff, and it undoubtedly was proper and material to show that the plaintiff through his agent had knowledge that McFatrich repudiated the guarantee, and refused to permit the funds of Somes & Co. to be used in payment of the note.

The newly discovered evidence was material and cannot be said to be cumulative. It is somewhat strange, under the 5. NEW trial: issues, that it never occurred to the plaintiff until newly discovered evi- after verdict that the evidence of Somes might be dence: dili- gence. material and at least some effort made to obtain it. Due diligence, thought and care would seem to require that much. The only excuses offered are that Somes, at the time of the trial, was absent from the State, and that the trial was on the same day the issues were made up. It is not claimed that the plaintiff at the time of the trial, and previous thereto, did not know where Somes was, or if he did not, it is not pretended he made any effort to ascertain his whereabouts, or what could be proved by him.

If the plaintiff was taken by surprise by the answer, or if he was surprised by the testimony, he should in either event have asked for a continuance or possibly dismissed his action, and not taken the chances of an adverse verdict. Ordinary diligence requires at least this. It is not sufficient that there is testimony discovered after the trial, of which the party had no knowledge at the time, but he must have used due diligence to have discovered it. What is diligence will depend on the facts and circumstances. The plaintiff before going into trial

knew that the question whether the guarantee of the note was binding on Somes & Co. was contested, and he knew from the allegations in the answer, "that the indorsement guaranteeing payment of said note was made by J. F. Somes, and signed 'J. F. Somes & Co.,' against the express orders of H. A. Mc-Fatrich, a member of said firm; and that said indorsement was an act without the scope of the partnership business." Now, under such circumstances, due diligence, thought and care would certainly have indicated to the plaintiff that Somes of necessity must have known something material. But as he made no effort whatever to obtain a continuance, and took his chances and was beaten, he must abide the result.

<div align="right">AFFIRMED.</div>