## SHELDON v. BOOTH.

1. **Evidence :** EXPERT TESTIMONY. Under an issue of breach of warranty of a machine, a witness, who testified that he had operated a similar machine six or eight years and had seen the one in controversy in operation, was *held* competent to testify as to the kind of work it would perform.

2. ———: ———: MACHINIST. A machinist is competent to give an opinion as an expert in relation to the construction of machinery.

3. **Practice :** AMENDMENT. Where an amendment, setting up a new and different defense, is filed after a part of the evidence has been introduced, and the plaintiff does not at the time indicate an unwillingness to proceed in consequence thereof, he cannot be heard to complain after a verdict has been rendered.

*Appeal from Howard Circuit Court.*

THURSDAY, DECEMBER 12.

ACTION on a promissory note given in part payment of a threshing machine which was sold with a warranty, a breach of which was pleaded as a defense. There was a trial by a

jury.   Verdict and judgment for the defendant.   The plaintiff appeals.

*H. A. Stowe & Co., F. S. Burling* and *Stoneman & Chapin,* for appellant.

*H. C. McCarty,* for appellee.

SEEVERS, J.—I.   The plaintiff claimed that the note and others, at the time the machine was purchased, were, by agreement of both parties, placed in the hands of Platt & O'Malley, and were to be delivered to the plaintiff whenever the defendant was satisfied with the machine; and that the defendant, after a trial of the machine, expressed himself as satisfied; and that the notes were delivered to the plaintiff with defendant's consent.

No objection is made to the instructions on this point, but it is insisted the verdict is contrary thereto.   A careful consideration satisfies us there was a conflict in the evidence on this question, and that, under the settled practice, we cannot interfere with the verdict for this reason.

II.   It is said the jury disregarded the instructions of the court in relation to the measure of damages.   In this we cannot concur, because there was some evidence tending to show the defects in the machine could not be remedied by a reasonable outlay of labor and expense.

III.   One Perkins was asked, when on the stand as a witness, "how much less this machine was worth than those," referring to other machines; and, also, "how much less was it worth than a machine that would run and do first-class work."   The objection to these questions made in the court below was, witness not "competent."   Perkins testified he had run a threshing machine six or eight years, and had seen this machine when in operation.   We think the objection is not well taken.

1. EVIDENCE: expert testimony.

IV.   Fred. Swenson testified he was a "foundryman and

Sheldon v. Booth.

machinist," and had been such for five years. In reference to some portion of the machine he was asked: "Was this movement backward and forward of the cylinder an indication of a good-constructed machine?" and, also, "State whether the condition in which you found that gearing indicated that the machine had been properly constructed." The only objection made below to these questions was that "the witness had not shown himself competent to give an opinion."

$\frac{2}{machinist.}$

A machinist must necessarily, we think, be competent to give an opinion as an expert in relation to machinery. A cross-examination as to his knowledge might have demonstrated the fact that he did not possess the requisite knowledge; but, as the question for determination was presented to the court below, we feel constrained to say there was no error in the ruling.

V. The following question was asked the witness Blackmar: "I ask whether it was easy to take a particular machine, defective at its original construction, and make such repairs on it as that it will be a good machine." An objection that the question was immaterial and irrelevant, and that the witness was not an expert, being overruled, the witness answered: "No, sir; they cannot make as good a machine of it." The court instructed the jury that the measure of damages, in case there was a finding for the defendant, "was the difference in the value of the machine as it was warranted to be and its value as it really was."

It was immaterial whether the machine in question or any other machine could be easily repaired, if defectively constructed, or whether it was difficult to do so. The foregoing instruction stated the correct rule as to the damages the defendant was entitled to recover, and the foregoing evidence could not have influenced the jury as to the amount of such recovery; nor could it have the slightest bearing on the question of warranty or any other question in the case. Its admission, therefore, was error without prejudice.

VI.　One Frisby testified on the part of the plaintiff that he had purchased a half interest in the machine of the defendant.　On cross-examination he was asked whether he had paid for it.　He answered "Partly."　He was then asked, "Why have you not paid for the whole?"　An objection that it was immaterial was overruled, and the witness answered: "Well, for the reason that we have not threshed enough to pay for it."　We are unable to see the importance of this evidence, or that it was in any degree prejudicial.　It could not possibly have influenced any one of ordinary sense or understanding, and such the jury must be presumed to be.

The testimony offered as to the effect of exposing the machine to the weather was properly rejected.　Its admission would not have any tendency to establish any issue made by the pleadings.

VII.　During the progress of the trial, and after a portion of the evidence had been introduced, the defendant filed an

3. PRACTICE: amendment.

amended answer, setting up a new and different defense from what had been before pleaded.

The plaintiff, however, did not claim to be surprised thereby, nor did he ask for a continuance; but ·the trial proceded to its conclusion, and then, for the first time, and after an adverse verdict, the plaintiff claims to have been surprised, and that there exists certain testimony by which he can disprove the answer, and affidavits were filed setting forth such evidence.

When the amended answer was filed the plaintiff should have asked for a continuance, or taken some other course that indicated he was unwilling to proceed with the trial because of the filing of such answer.　He cannot take the chances of a favorable verdict, and complain if it happens to be adverse. *Hopper v. Moore*, 42 Iowa, 563.

We have carefully examined the instructions, and find they are not vulnerable to the objections made.

It is suggested the court should have given an instruction as to the effect of an alleged settlement.　It is sufficient to say that none such was asked.

The presumption is that the point was abandoned below, and it cannot be made here under such state of facts.

AFFIRMED.