## No. 8976.

### DRAKE *v.* SLESSOR.

1. NEGLIGENCE—*Pleading.* Negligence may be alleged in general terms. Under such general allegation evidence of specific matter is admissible.

If the defendant fails to move that the general allegation be made specific he will not be heard to complain of its generality. Ac-

tion for injuries occasioned by the fall of plaintiff from a hay-stack, alleged to have been caused by the negligence of defendant "in the control, management, and operation of the haystacker." Evidence that one of the horses used in operating the stacker was not well broken held admissible.

2. APPEAL AND ERROR—*Harmless Error.* Action for negligence in operation of haystacker. Evidence was received that one of defendant's horses was young and not well broken. But the injury occurred by the breaking of a cable to the haystacker, and nothing done by the team could have had any effect in producing this fracture. The admission of the evidence was therefore held without prejudice to the defendant.

So as to the admission of testimony as to the stakes by which the stacker was fastened to the ground.

3. —— *Instructions.* Where the jury are fully and fairly instructed, one or more paragraphs in the charge which cannot have misled the jury are harmless.

*Error to Larimer District Court, Hon. Robert G. Strong, Judge.*

*Department.*

Mr. THOMAS J. LEFTWICH, Mr. L. R. TEMPLE, for plaintiff in error.

Mr. L. D. THOMASON, Messrs. ANNIS & KILLGORE, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error seeks to reverse a judgment against him obtained by the defendant in error in an action for personal injuries.

The parties will be designated as they were in the trial court.

The complaint alleges that the plaintiff was employed by the defendant in stacking hay; that, about noon on the day of the injury, defendant caused a part of a hay-stacker to be brought against the side of the stack upon which plaintiff was working at a height of more than 20 feet from the ground, for the purpose of enabling him and the other men

on the stack to descend; and that, while plaintiff was on the stacker for the purpose aforesaid, the wire cable by which the stacker was raised and lowered broke, precipitating plaintiff to the ground whereby he was seriously and permanently injured.

Negligence is charged as follows:

"10. That the accident and injuries received by plaintiff, as aforesaid, were the result of, and caused by, the carelessness and negligence of defendant in the negligent control, management and operation of the said hay-stacker; that the said wire cable, at the place where it broke, as aforesaid, was at that time, and for some time previous, had been in an unsafe and defective condition—many of the outer strands of wire having been broken or worn through—thereby rendering said wire cable in a weak and dangerous condition.

11. That the weak, defective, unsafe and dangerous condition of said wire cable was well known and understood by said defendant at the time of the accident and injuries received as aforesaid."

Defendant's motion to strike the first four lines of the paragraph quoted was denied, whereupon defendant filed an answer denying negligence, etc., which calls for no consideration.

The errors assigned are the overruling of the motion to strike, the overruling of objections to evidence, the giving of several instructions, the refusal to give sundry requested instructions, and the want of evidence to support the verdict.

There was no error in denying the motion to strike. It is elementary that negligence may be plead in general terms, and if a defendant fails to move that the general allegations be made specific, he has no ground of complaint in this court because of their generality. Under such general allegations evidence is admissible of specific matters: *Denver Electric Co. v. Lawrence*, 31 Colo. 308, 73 Pac. 39.

It is urged that the court erred in admitting evidence that one of the horses used in operating the stacker was young and not well broken; but, if that fact had a bearing on the negligence charged in operating the stacker, it was clearly admissible. If, however, the contrary be true, the admission was clearly not prejudicial, since there was no testimony that the team, at the time of the accident, did more than to back up a step or two, which it was required to do in lowering the stacker. There appears to be no possible connection between this movement of the team and the breaking of the cable. Neither was the admission of testimony as to the stakes by which the stacker was fastened to the ground error. It does not appear to be material to the issue, but it could have no effect on the jury.

While the evidence as to the cause of the cable's breaking is meager, it was, we think, sufficient to justify the submission of the case to the jury. Defendant testified that he stopped work because he saw a roughness in the cable, a half dozen of the wires having parted and sprung out from the cable; that he then called the men to go to dinner, and put the stacker up against the stack so the men on it could come down; that the cable may have rubbed against the stacker; and that it appeared to have done so.

Two witnesses besides the plaintiff testified that defendant said that the accident was due to his fault; and that the cable was defective. One witness testified that defendant said the cable had worn on the arm of the stacker. Plaintiff testified that defendant said to him that "the cable was on the bum all the forenoon, but I didn't want to stop to fix it; didn't want to delay the work."

The jury was at liberty to accept this testimony as true, and it is sufficient to sustain the charge that the cable was defective to the knowledge of defendant.

We find no error in instruction number 2, which is attacked merely as "abstract and academic." As the other instructions apply the law to the facts in evidence, this one could not have misled or confused the jury.

The objection to instruction number 7½ is that, under a complaint charging a specific act of negligence as to a specific defect, the jury was left free to find negligence if they concluded that the cable broke because of any defect in it. This ignores the fact, already pointed out, that the case was triable under the general charge of negligence. There was, then, no error in that instruction.

It is said that instruction number 8 is bad, failure to warn not being charged, because it states that, if defendant knew or should have known of a dangerous defect in the cable, and failed to warn the plaintiff of the danger, such failure was negligence on the part of the defendant.

Defendant testified that he did not say anything to the men when he stopped for dinner after seeing the defect in the cable.

It is true that there is no direct charge of negligence in failing to warn the plaintiff, and strictly speaking there was no reason for giving the instruction. Still, we can not say that it would be at all likely to affect the jury. The question before them was clearly whether or not the defendant was negligent in the matter of the cable; and it can not well be supposed that the mention of the duty to warn of known dangers induced the jury to determine the cause on a matter only incidentally mentioned. We do not think this instruction was prejudicial to the defendant.

Objection is made to instruction number 10 because of a supposed conflict between the statement that negligence is not presumed, and one that it may be inferred from facts established by the evidence.

The objection is without merit.

Instructions numbers 12 and 13 are attacked as not justified by the evidence; but they were clearly proper.

The instructions as a whole presented the case fairly and fully to the jury, and there was no error in refusing to give other instructions.

The judgment is affirmed.

Chief Justice Hill and Mr. Justice White concur.

Decided July 1, A. D. 1918. Rehearing denied December 2, A. D. 1918.