## No. 12,778.

### DRUMRIGHT ET AL. *v.* GOLDBERG.

(19 P. [2d] 764)

Decided February 20, 1933.   Rehearing denied March 13, 1933.

Mr. CHARLES E. FRIEND, for plaintiffs in error.

MR. SOLOMON GIRSH, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court:

The plaintiff Goldberg, defendant in error here, recovered a judgment for personal and property injuries sustained in an automobile collision which he attributed to negligence of the defendants Drumright and Horn, the plaintiffs in error.

The collision in question occurred October 4, 1928, at a point in the city of Denver where the public streets known as West Colfax avenue, Osage street and Champa street come together, just before West Colfax avenue, continuing its due-west course, enters upon the West Colfax viaduct. Osage street, running due south from the avenue, forms a right angle with it. Champa street runs toward the viaduct in a southwesterly direction until it ends at the threefold intersection and converges with the avenue to form with the latter an acute angle.

The plaintiff, driving his automobile eastward, was coming down from the viaduct toward the intersection described, while the defendant Drumright, accompanied by the defendant Horn, was driving Horn's motor truck along Champa street in a southwesterly direction toward the intersection. In that intersection the two cars collided.

Paragraph 6 of the third amended complaint, which charges the defendants with negligence, is as follows: "That when the defendant Drumright reached the intersection * * * he negligently, carelessly and in reckless disregard of the rights of the plaintiff, turned his truck from a southwesterly direction to a southerly direction, *without giving any signal of his intention of so doing,* and forcibly collided with the plaintiff's car, causing the said car to hurdle the curbing and crash against a telephone pole with great force and violence, totally demolishing the car; and as a direct and proximate result thereof the plaintiff was seriously injured, as follows."

Then comes paragraph 7, which proceeds to describe the injuries resulting to the plaintiff from the collision.

The defendants now seek a reversal of the findings and judgment entered by the district court in favor of the plaintiff after a trial by the judge without a jury, a jury having been waived.

All the arguments of defendants may fairly be said to hinge upon one contention, namely, that the above quoted allegations so limit the scope of plaintiff's case as to make it prejudicial error in the trial court to have admitted evidence of speed and of negligence other than that of failing to give a signal. Upon the determination of this depends the answer to the further contention that a municipal ordinance, governing right of way and speed at intersections, was erroneously admitted in evidence. Defendants, moreover, claim by way of affirmative defense that the plaintiff was guilty of contributory negligence; and this, they say, is established by the evidence.

██ Neither the abstract of the record nor the record itself shows any attempt on defendants' part, by motion or special demurrer or otherwise, to have the original complaint or any amended complaint made more specific or certain. Therefore evidence tending to prove any specific negligence, though not pleaded, was proper within the limits of the general allegation of negligence. *Drake v. Slessor,* 65 Colo. 292, 294, 176 Pac. 301, 302; 20 R. C. L. 176, §146; 45 C. J. 1075, §647, and note 26, p. 1076. See also: *McGonigle v. Kane,* 20 Colo. 292, 298, 38 Pac. 367, 369; *Adams Express Co. v. Aldridge,* 20 Colo. App. 74, 78, 77 Pac. 6, 7. It follows that the admission in evidence of the municipal ordinance was also correct.

█ We have not overlooked the point, strongly urged for the defendants, that by adding the prepositional phrase italicized in the above quotation the plaintiff constituted his paragraph 6 a statement of specific negligence, requiring that all evidence be rejected except in so far as it might bear upon the giving or omitting of a signal. This point is not well taken. Since the defend-

ants, as already stated, chose not to avail themselves of the remedies afforded by our Code of Civil Procedure (Code '21, pp. 113, 114, §§56, 66) to compel greater particularity in the allegations of the original and amended complaints herein, and so did not try to restrict the plaintiff to a narrower range of negligence, this court will not aid the defendants by a technical or unnatural interpretation of the plaintiff's language thus unchallenged. Under the facts disclosed at the trial it is not conceivable that anybody thought the plaintiff was relying for recovery upon the absence of a signal. No one was misled. In the circumstances of this case the trial judge was justified in his view that the phrase was surplusage, and in proceeding to receive and consider the evidence on the theory that general, and not specific, negligence was involved herein. Had the sole allegation of negligence been a direct and unambiguous declaratory statement that the defendants negligently omitted to give a signal, a more serious question would arise.

The findings and judgment having been reached upon conflicting evidence, both on the issue of defendants' negligence and on that of plaintiff's contributory negligence, the decision of the lower court is binding upon us. This necessarily includes that court's determination of the issues of proximate cause and contributory negligence; for, a jury having been waived and no error of law having been called to our attention, the trial judge as judge of both the facts and the law is conclusively presumed to have applied correct legal principles to the facts in evidence. The judgment ought to be affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.