No. 16,117.

MEHLBRANDT, ADMINISTRATRIX *v.* HALL.
(213 P. [2d] 605)

Decided January 9, 1950.

Mr. O. OTTO MOORE, Mr. ARNOLD R. GILBERT, for plaintiff in error.

Messrs. CREAMER & CREAMER, for defendant in error.

*In Department.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS action was instituted by Hallie Mehlbrandt, as administratrix of the estate of Kate Lee Hall, deceased, against Ray C. Hall, for the purpose of setting aside a joint-tenancy deed executed by deceased a short time prior to her death, to herself and son with right of sur-

vivorship. The administratrix is the daughter, and defendant the son, of deceased. It appears from the record that on January 1, 1946, and for a short time prior thereto, deceased was in poor health, and was, on January 17, 1946, admitted to the Spears Sanitarium; that on January 30, 1946, she was removed to Porter Sanitarium; that February 9, 1946, she was taken to the home of her above-mentioned daughter; that March 15, 1946, she was readmitted to the Porter Sanitarium, released therefrom April 27, 1946, and taken to the home of defendant, Ray C. Hall, her daughter at that time being ill and in the hospital; that on the date of her arrival at her son's home, at his mother's request, defendant instructed an attorney to prepare a joint-tenancy deed as above mentioned; that said deed was executed April 30, 1946, in the home of defendant in the presence of defendant, his wife, and said attorney, in accordance with deceased's wish expressed in December, 1945, to Mabel C. Parsons, a friend of twenty years' standing; that on November 1, 1946, Kate Lee Hall died, being of the age of seventy-five years at that time, and the property thereupon, under the provisions of said deed, became vested in defendant, subject to judicial determination as to its validity.

Shortly after the death of Mrs. Hall, her daughter, Hallie Mehlbrandt, was duly appointed administratrix of the estate, and instituted this action to cancel said deed, alleging as grounds for such cancellation, mental incapacity of Kate Lee Hall to execute the same. During the progress of the trial, plaintiff asked for, and was granted, leave to amend her complaint by adding a new ground for cancellation of the deed, to wit: that same "was procured from the said Kate Lee Hall by the exercise on the part of defendant of undue influence." The trial court found generally in favor of defendant and against plaintiff, and specifically: "4. Kate Lee Hall was, on April 30, 1946, of sound mind and possessed the mental capacity to comprehend and understand the

nature and effect of her acts and doings. 5. The defendant did not procure said warranty deed from Kate Lee Hall through the exercise of undue influence."

The principal point upon which reliance is placed for reversal is that, the trial court erred in finding that the deed was not procured through the exercise of undue influence. There was very little, if any, evidence offered on behalf of plaintiff to establish undue influence, she relying almost completely upon the inferences which might be drawn from the foregoing facts, and upon the presumption said to arise from the fiduciary relationship between mother and son, which as said, shifts the burden to defendant to establish that no undue influence was practiced in procuring the deed.

Plaintiff contends by reason of the foregoing that judgment should have been entered in her favor. This contention is based largely upon *Hilliard v. Shellabarger,* 120 Colo. 441, 210 P. (2d) 441, and cases therein cited, particularly *Dittbrenner v. Myerson,* 114 Colo. 448, 167 P. (2d) 15. It is clear to us, as the trial court must have found, that neither of the above cases is controlling.

The Hilliard-Shellabarger case, which followed the Dittbrenner case, was an action by an administrator to set aside a deed executed a short time prior to the death of the grantor upon the ground of undue influence. The trial court in finding against plaintiff, stated: "The burden of proof is on the plaintiff, and after most mature consideration of all the facts, I must conclude that the *plaintiff has not sustained the burden,* and the issues in this case will be resolved in favor of the defendants and against the plaintiff, and the plaintiff's complaint will be dismissed." (Italics supplied)

In reviewing the above mentioned judgment, we held that where a fiduciary relationship is shown to exist, as it no doubt did in that case, that thereafter the burden of going forward with the evidence shifted to, and rested upon, defendant and not upon plaintiff because of

a presumption of undue influence which arose by reason of such relationship. The quoted portion of the trial court's finding conclusively evidenced a misconception of the law by placing upon plaintiff, administrator, an unwarranted burden.

In the Dittbrenner case, supra, the trial court found, as stated in our opinion in that case, that: "* * * *defendant was under no fiduciary obligation* to obtain the best possible price for the property;" (Italics supplied) We held, in reversing the judgment, that under the facts and circumstances recited in the opinion, there was, contrary to the trial court's finding, a fiduciary relationship creating the presumption of undue influence, which cast upon the beneficiary of the transaction the responsibility of repelling the presumption, and that the trial court misconceived the law in finding to the contrary. In neither the Dittbrenner case, nor in the Shellabarger case, was the family relationship involved, and in both cases the error committed by the trial court appeared upon the face of the findings and judgment, thereby showing a misconception of the law.

In the instant case there is nothing in the record to indicate that the trial court misconceived the law or that it incorrectly applied the same in entering its findings and judgment. Nowhere in the findings was it stated, as in the Shellabarger case, that "the burden of proof is on the plaintiff" nor that "defendant was under no fiduciary obligation" as in the Dittbrenner case. The record herein is completely silent as to the basis for the trial court's finding. The presumption therefore is that the trial court, in the absence of anything to the contrary, was governed by proper rules and principles of law. *Rollins v. Board of Com'rs*, 15 Colo. 103, 25 Pac. 319; *Witkowski v. Hill*, 17 Colo. 372, 30 Pac. 55, and *Davis v. Pursel*, 55 Colo. 287, 134 Pac. 107.

We quote the following from the opinion in the Davis-Pursel case: "In equity the judgment is essentially a deduction as to what is just and true from the facts and

circumstances proven in each particular case. It is, therefore, a question for the trial court as to the convincing effect of the evidence. When that tribunal enters a decree, and there is a fair *quantum* of admissible and proper evidence to support its conclusions, we must presume that it was *governed by proper rules of law, unless the contrary appears, that its findings are correct.* This applies as well to those questions in a case which must be established by clear and convincing proof, beyond a reasonable doubt, as to those which may be established by a mere preponderance of the evidence. The principle of testing the weight of the evidence is no different upon one matter than upon another. In most trials *presumptions* arise at every step which have their effect, and are conclusive, unless overcome by proper evidence sufficient for that purpose." (Italics, except "quantum," supplied) To the same effect, we stated in *Drumright v. Goldberg,* 92 Colo. 271, 19 P. (2d) 764: "* * * the trial judge as judge of both the facts and the law is conclusively presumed to have applied correct legal principles to the facts in evidence."

Authorities much more applicable to the present inquiry than are the Dittbrenner and Shellabarger cases, and in our view controlling, are *Tost v. Smies,* 74 Colo. 435, 216 Pac. 545, *Mackall v. Mackall,* 135 U. S. 167, 172, 10 Sup. Ct. 705, 707, 34 L. Ed. 84, and *Anderson v. Lindgren,* 113 Colo. 401, 157 P. (2d) 687.

In the Anderson-Lindgren case, Hadda Lindgren, a few months before her death, executed a deed and lease to her son, Dewey C. Lindgren. Suit was brought by certain heirs subsequent to her death to set aside the deed and lease on the ground that its execution was induced by undue influence. In affirming the judgment of the trial court in favor of defendant, we stated: "There is no doubt that the mother was influenced by her affection and confidence in her son and by her gratitude to him and his family for years of devotion and service, for which little was ever paid. Hatred and

indifference is not necessary to sustain a deed from mother to son nor is gratitude or affection from the mother to the son fatal to it. The only undue influence which will void a deed is an unlawful or fraudulent influence which controls the will of the grantor. The natural influence of affection of a parent for a child is neither fraudulent nor illegal, and courts will not set aside a deed because it is induced by such an influence unless it should appear from the evidence that this influence was purposely and improperly exercised to confuse the judgment and to overcome the free will of the grantor. No such use of influence can be found in this record. The undue influence which is sufficient to set aside a conveyance upon a proper and timely application therefor exists where there is a forceful assumption of a dominant influence of the grantor. In order to set aside a conveyance, the undue influence must be such as to overcome the will of the grantor to the extent that he is prevented from voluntary action and is deprived of free agency."

The record before us contains ample evidence to support the finding of the trial court that no undue influence, as defined by the foregoing authorities, was employed in the procurement of the deed in question. We find no merit in other questions raised, and the judgment is therefore affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.