·[No. 4261.]

## THE DENVER CONSOLIDATED ELECTRIC COMPANY v. LAWRENCE.

1. **Negligence—Pleading.**

    Where negligence is alleged in general terms, if plaintiff possesses more specific information, he may be required on motion to make his complaint more specific, but the complaint is not for that cause obnoxious to demurrer.

2. **Negligence—Pleading—Electricity.**

    In an action against an electric light company, a complaint which alleged that defendant was the owner and in exclusive control of an electric plant and was engaged in the business of generating and supplying electricity to the public and the residents of the city and for pay was supplying the residence where plaintiff resided with electricity for light; that by reason of the failure of defendant to keep and maintain its plant and appliances in good and safe condition and to inspect and examine the same, the plaintiff without fault or negligence on his part, while attempting to turn on the electric light received a severe charge and current of electricity, is sufficient to state a cause of action.

3. **Negligence—Pleading.**

    Ordinarily it is not a sufficient allegation of negligence to allege a duty and a breach thereof, but where the complaint alleges sufficient facts from which the duty results the allegations of duty may be discarded as surplusage and the complaint held to be sufficient. If the allegations concerning the relationship of the parties and the character of the injuries received make a prima facie case of liability, the complaint is good as against a general demurrer.

4. **Negligence—Electricity.**

    The business of supplying electricity to the residents of a city is so fraught with peril to the public that the highest degree of care which skill and foresight can attain, consistent with the practical conduct of the business under the known methods and present state of its particular art is demanded.

**5. Instructions.**

It is not error to refuse an instruction where the propositions stated therein are contained in other instructions given.

**6. Instructions—Inconsistent—Prejudicial.**

The rule that where two inconsistent instructions are given, one correct and one incorrect, the court will not assume that the jury followed the correct statement of the law, applies only where the incorrect instruction is prejudicial. Where an incorrect instruction was given at the request of a party which stated the law more favorable to the party than he was entitled to, and another instruction was given which correctly stated the law, the party requesting the incorrect instruction cannot complain of the inconsistency of the instructions.

**7. Instructions—Evidence—Electricity.**

In an action against an electric light company where the evidence showed that plaintiff in attempting to turn on an electric light received a current of electricity in volume many times greater than that furnished for lighting purposes, that plaintiff had no means of knowing what defects, if any, existed in the plant or appliances of defendant, and that the transformer from which the current for use in the residence was supplied was taken away by defendant immediately after the injury, an instruction that the plaintiff was not required to point out the specific act or omission which caused the accident was not improper.

**8. Contributory Negligence—Instructions—Evidence.**

In an action for personal injuries an erroneous instruction on the question of plaintiff's contributory negligence is not prejudicial to defendant where there is no evidence tending to show that plaintiff was guilty of contributory negligence.

**9. Negligence—Personal Injuries—Pleading—Evidence.**

In an action for damages for personal injuries it is not error to admit evidence of particular injuries under general allegations where defendant did not ask to have the complaint made more specific.

**10. Personal Injuries—Excessive Damages—Appellate Practice.**

The supreme court will not disturb the verdict of a jury awarding damages for personal injuries on the ground that it is excessive, unless the amount is so manifestly disproportionate to the injury as to make it apparent that the jury was influenced by prejudice or misapprehension, or by some corrupt or improper consideration.

**11. Negligence—Electricity—Evidence.**

Evidence examined and held sufficient to sustain a judgment against an electric light company for damages for injuries to

plaintiff caused by an electric shock received while attempting to turn on an electric light.

**12.   Negligence—Contracts—Public Policy.**

A company engaged in the business of generating and supplying electricity to the residents of a city for lighting purposes can not relieve itself of liability for its negligence by a stipulation in its contract with its patrons that it shall not in any event be liable for damage to person or property arising or resulting from the use of the light. Such contract is contrary to public policy.

*Appeal from the District Court of Arapahoe County.*

The complaint, filed May 13, 1899, alleges that the defendant is a corporation engaged in the business of generating, producing and distributing electricity and supplying the same for light and other purposes to the general public for profit; that the company, in consideration of the compensation required, was engaged in supplying W. H. Lawrence with electricity for lighting purposes at his residence, No. 247 South Fourteenth street, in the city of Denver; that it was the duty of said company in so furnishing electricity to at all times have and maintain a safe plant, machinery, poles, wires, conduits, converter boxes, transformers, and other appurtenances for the proper and safe generation and distribution of electricity thoughout said city and to the said premises, and also to inspect and examine the same from time to time, and to at all times keep and maintain the same in good and safe condition, so that the said Lawrence and each member of his family might safely use the said electricity upon said premises without danger of damage or injury to them or either of them; that the plaintiff is a son of said Lawrence, and at the time mentioned was living with his father at his said residence in Denver; that on the evening of April 13, 1899, and prior thereto, the said company did not discharge its said duties, hereinbefore al-

leged, so that at the time last aforesaid, while the plaintiff was attempting to turn on the electric light in one of the rooms of said premises, and without any carelessness or negligence whatever on his part, he received into and upon his body a severe and terrific charge and current of electricity, whereby the plaintiff suffered serious and permanent injuries, burning his hands and feet so that he was laid up and rendered sore, sick and lame for a long period of time, and was and is and will be painfully and seriously burned and scarred and permanently injured for the remainder of his life. Following are allegations concerning the earning capacity of the plaintiff and a prayer for damages in the sum of twenty thousand dollars.

A demurrer upon the ground that "the complaint does not state a cause of action" was overruled. The defendant answered over.

The fourth paragraph of the answer is as follows:

"Denies that at the times named in said complaint or at all, it was or is the duty of defendant corporation in furnishing electricity to at all times have or maintain a sound or safe plant, machinery, poles, wires, conduits, converter boxes, transformers or other appliances, for the proper or safe generation, poduction or distribution of such electricity throughout said city or to said premises; on the contrary thereof avers that this defendant was not at the time named in said complaint, or at all, an insurer of the soundness or safety of its said property, but was and is bound to exercise ordinary and reasonable care and diligence and prudence in order to secure the safety and soundness of its said property; admits that it was the duty of this defendant to inspect and examine its said property from time to time, and to at all times use reasonable and ordinary care and diligence in

order to keep and maintain the same in good and safe condition; denies that its duty extended any further in the premises; denies that it was or is an insurer of the safety of the said Lawrence or of any member of his family, or that it was ever at any time bound to any greater duty than the exercise of ordinary care to avoid danger, damage or injury to the said Lawrence and to his family.''

The sixth paragraph denies that at all times in said complaint named, or on, or prior to, or about, the evening of April 13, 1899, or at all, this defendant did not discharge its duty in the premises.

For a further answer and defense, the defendant alleges that the said injuries were caused by the carelessness and negligence of the plaintiff, directly contributing thereto; and avers that the fixtures and appliances used by the plaintiff in and about the premises were not the property of this defendant, or furnished or provided by this defendant, but on the contrary were the property of the said William H. Lawrence; and avers that the appliances furnished and provided as aforesaid were so carelessly and negligently used by the plaintiff at the time and place in question as to induce a current of electricity to be delivered from the ground up through the register upon which the plaintiff was then and there standing, thereby inflicting all injuries received by the plaintiff in the premises.  Avers that the plaintiff had just stepped from the bath-tub and was then and there moist and wet with the water used in bathing, and that the plaintiff did, in the attempt to use the fixtures and appliances furnished and provided as aforesaid, carelessly and negligently stand upon said register composed of steel, iron or some conducting substance, and did then and there carelessly and negligently fail to take hold of the nonconducting appliance furnished for the purpose of turning on the

electricity, and carelessly and negligently seized hold of the metallic portion of the fixtures so furnished and provided, and by reason of said combined and connected negligent acts on the part of the plaintiff, thereby induced a current of electricity to be delivered either from above or below, through his body, thereby causing the accident and injuries complained of. And it avers that the defendant, in all that it did in and about the premises, had fully performed its duty and had used every care and precaution required of it by law or at all, to render the appliances and material and machinery furnished by it sound and complete; that it had caused each and every part of the machinery used by it to be tested, examined and inspected; and avers that the accident and injury complained of were not the result of any cause which the defendant could or should have foreseen, but on the contrary thereof were occasioned by the carelessness and negligence of the plaintiff himself, and by the acts and conduct on the plaintiff's part, which this defendant did not and could not foresee.

And for a supplemental answer the defendant alleges that it entered into a contract with said W. H. Lawrence containing certain stipulations and covenants, among which is the following, to wit: "The subscriber agrees to comply with the rules, regulations and other provisions of the company printed on this contract." That among the rules and regulations and provisions printed upon said contract is the following, to wit: "This company shall not be liable in any event for damage to person or property arising, accruing or resulting from the use of light." That said contract was signed by said Lawrence on April 16, 1898, and was accepted by the defendant company, and that if any injury was sustained as in said complaint alleged, or otherwise, said injury arose, accrued and resulted from the use of light, and

not otherwise, and was due wholly to the negligent and reckless manner in which plaintiff used or attempted to use said light.    And  defendant  alleges that by virtue of the facts above set forth, the defendant company was released from all liability for injury to this plaintiff arising from the use of light in the premises occupied by said Lawrence.

The jury returned a verdict in favor of the plaintiff in the sum of five thousand dollars, and judgment was rendered upon the verdict.   The company appeals.   It complains that the court erred in the various stages of the cause, and has specified one hundred and one instances in which it is claimed the court committed error.   The ruling of the court upon the demurrer is mainly relied upon to reverse the judgment.   It is said that the complaint does not allege negligence or failure to exercise reasonable care in providing and maintaining good, reliable and efficient appliances for the generation and distribution of electricity to its patrons.   That the theory of the plaintiff in preparing the case was that the defendant was bound to furnish an absolutely safe plant and appliances—that the defendant was an insurer of its patrons against injury.   That the obligation which the law imposes upon the defendant is that of using ordinary care in the operation of its plant, and not that of an insurer.   The question of the sufficiency of the complaint was also raised by objections to testimony.

Messrs. THOMAS, BRYANT & LEE, for appellant.

Mr. JAMES H. BROWN and Mr. ANDREW W. GILLETTE, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

The complaint alleges that the defendant, at the

time the plaintiff received the injuries, was the owner of and in the exclusive operation and management of an electric light plant in the city of Denver for the generation and distribution of electricity for light among and to the general public and residents of the city of Denver, and was engaged in the business of selling and supplying electricity to the general public; that the defendant was furnishing electricity for lighting purposes to the father of the plaintiff, at his residence in the city of Denver; that the plaintiff was residing with his father and was a member of the family at the time he received the injuries; that it was and is the duty of the defendant to at all times have and maintain a sound and safe plant, machinery, appliances, etc., and to inspect and examine the same from time to time, and to keep the same in good and safe condition so that its patrons might safely use electricity; that the defendant did not discharge its said duties, so that, while the plaintiff was attempting to turn on the electric light in one of the rooms of his father's residence, without any carelessness or negligence on his part, he received a severe and terrific charge of electricity. We are of opinion that the complaint states a cause of action. It was held by this court in *Wilson et al. v. D. & S. P. R. R.,* 7 Colo. 101, that "when negligence has been alleged in general terms, while the pleading is not for this cause obnoxious to demurrer, yet if the plaintiff possesses more specific information, he may be required, on motion, to make his complaint more definite and certain."

The demurrer admits the facts well pleaded. The fact stated in the complaint, in substance, are that the defendant is in the exclusive control of a plant for the generation and distribution of electricity, and that it was supplying for pay the residence where plaintiff resided electricity from its plant; that by reason of the failure of the defendant to keep and maintain

its plant and apurtenances in good and safe condition and to inspect and examine the same from time to time, the plaintiff, without fault or negligence on his part, while attempting to turn on the electric light, received a severe and terrific charge and current of electricity. Ordinarily the allegations of duty and a breach thereof are not sufficient; but if the duty results from the facts stated, then the allegations of duty may be discarded as surplusage and the complaint held to be sufficient. If the allegations of the complaint concerning the relationship of the parties and the character of the injuries received make out a *prima facie* case of liability, then the complaint is good as against a general demurrer. We think the complaint does, from the very character of the accident as set forth therein, call upon the defendant to make defense to the case of negligence in supplying electricity to the residence, which the facts as charged make out. The business of the defendant is that of selling electricity to the people of Denver—a business so fraught with peril to the public that the highest degree of care which skill and foresight can obtain, consistent with the practical conduct of its affairs under the known methods and present state of its particular art, is demanded.—*Denver Electric Co. v. Simpson,* 21 Colo. 371.

The plaintiff, while attempting to do that which every patron of the company must do to make use of the electric light, received into his body a current of electricity, burning his hands and feet and permanently injuring him. Such injuries are not, under ordinary circumstances, received by persons who turn on an incandescent lamp if the company supplying the current has not been negligent. The defendant, when it contracted with the father of the plaintiff to sell electricity for light, contracted to keep its plant and appliances in such condition that no greater vol-

ume of electricity would be carried into the house than was necessary for its proper lighting. The quantity of electricity required for lighting purposes in residences is not sufficient, if it pass through the body, to cause the injuries described by the plaintiff in his complaint. It follows, therefore, that the plaintiff must have received a very much greater quantity of electricity than the company contracted to supply. The court, therefore, did not err in overruling the demurrer to the complaint, nor in overruling the objections to the introduction of testimony.

The company insists that it is not an insurer, and that its obligation is that of using ordinary care. We are not prepared to say that it is an insurer, but the patrons of the company have the right to presume that they will not be injured in attempting to use that which the company sells, and that it will do all that human care, vigilance and foresight can reasonably do, consistent with the practical operation of its plant, to protect those who use its electric light. With reference to the liability of persons or corporations supplying electricity, Thompson, in his Commentaries on the Law of Negligence at § 796, has this to say: "It may be doubted whether persons or corporations employing for their own private advantage so dangerous an agency as electricity, ought not to be regarded as quasi-insurers, as toward third persons, against any injurious consequences which may flow from it. It may be doubted whether one who collects, or rather *creates,* so dangerous an agency on his own land, ought not to be held to the obligation of restraining it, that is, of insulating it, at his peril; which was the obligation put upon landowners in respect of water, which from its nature is pressing outward in all directions and continually struggling to break through any artificial barriers by which it may be restrained."

The court refused instructions offered by the defendant numbered 1, 2, 3, 9 and 11; the court gave defendant's instructions numbered 4, 6, 7, 8, 10, 12, 13, 14 and 15. The refusal of the court to give instructions offered is assigned as error. The court, we think, properly refused these instructions. No. 1 is a direction to return a verdict for the defendant. In number 2 the jury is told that the defendant was only bound to exercise reasonable care, and in number 3 reasonable care is defined to be such care as will be exercised by a reasonably prudent and cautious person under the same or similar circumstances. The instructions do not declare the law, as applicable to the facts of this case. Moreover, the court in other instructions correctly declared that the defendant was bound to exercise the highest skill, most consummate care and caution, and utmost diligence and foresight in the construction, maintenance and timely ispection of its entire plant, which was attainable, consistent with the practical conduct of its business according to the best known methods of the state of its art at and prior to the time of the disaster.

Instruction number 9 offered was not in accordance with the evidence, and was properly refused.

Instruction number 11 was to the effect that if the jury believed that the defendant had exercised the usual and customary care and precaution which its experience had demonstrated to be safe and sufficient and that the accident could not have been reasonably foreseen or prevented by any precaution taken by the defendant, the verdict must be for the defendant. The propositions stated were, in effect, given in instruction number 7 offered by the defendant.

Counsel say that the instructions given are confusing; that in giving instruction number 4 offered by the plaintiff, and 6 and 12 offered by the defendant, the court gave inconsistent and irreconcilable

instructions. In instruction number 4, the jury was told that in cases where the business and appliances are shown to be under the exclusive control of the defendant, and the accident is such as would not, in the ordinary course of things, occur if the defendant were exercising proper care, or where it is shown that the real cause of the accident may be the negligence of the defendant and that the defendant knew whether it was negligent or not, it is not incumbent upon the plaintiff to point out to the jury the particular act or omission constituting the negligence; while in instructions 4, 6 and 12 offered by the defendant, and given, the jury is instructed: (1) That if the plaintiff has failed to establish negligence by a preponderance of the evidence, the verdict must be for the defendant. (2) That the omission of the defendant company to perform the duties required of it by law must be established by a preponderance of the evidence, and that unless such omission be established the verdict must be for the defendant. And (3) that if the jury is unable to determine from the evidence what was the proximate cause of the accident and injury complained of, the verdict must be for the defendant. These instructions are inconsistent, and many authorities are cited, from this and other states, holding that where two instructions are given, one correct and one incorrect, the court will not assume that the jury followed the correct statement of the law. These authorities are not applicable to this case, for the reason that the rule applies only where the giving of an incorrect instruction is prejudicial. The instructions given at the request of this defendant were more favorable than it was entitled to, and instructions given at the request of the plaintiff state the law applicable to cases like this. The defendant so conducted its business that a member of the household of one of its patrons received a shock of elec-

tricity while engaged in turning on the light. It was shown by the testimony that the volume of the current received was many times that furnished for lighting purposes. The injured person, it was shown, had no means of knowing what, if any, defects existed in the plant or appliances of the defendant. Moreover, the transformer from which the current for use in the residence was supplied was taken away by the company immediately after it was informed of the accident. Under such circumstances it was not improper to charge the jury that the plaintiff was not required to point out the specific act or omission which caused the accident.

In instruction number 7 the jury was told that contributory negligence would prevent the plaintiff from recovering; that such negligence must be without fault or misconduct on the part of the injured party; that if the plaintiff's share in the negligence was innocent and not faulty, it furnished no excuse for the defendant; and that if Lawrence did not know, and in the exercise of reasonable care and caution could not have known, that in attempting to turn on the electric light he was in danger of receiving an electric shock, and in so doing acted innocently and without fault, he is not guilty of such contributory negligence as will defeat his right to recover.

The instruction is objected to because it distinguishes between guilty negligence and innocent negligence, when the law recognizes no such distinction. If a person receives an injury from another, and the person injured did not know of the danger, and could not have known of it if he had exercised reasonable care and caution, he is not guilty of contributory negligence; and it makes no difference whether the negligence contributing to the injury is innocent or faulty if the injured party by the exercise of due caution could have prevented the injury. We are inclined to

agree with the appellant that the instruction given is erroneous; but there is no evidence in the case showing Lawrence to have been guilty of contributory negligence. It is asserted that Lawrence knew that he was dealing with a dangerous agency, that- he knew the qualities of electricity, that he knew that metal is a conductor, that he knew that the register was connected with the furnace or basement, or he must be presumed to have known the structure of his own house; that he was using appliances wholly under his control, and if the fixtures had been in proper repair or if the appellee had not stood upon the register, the accident could not have happened. There is no evidence showing that the plaintiff was guilty of contributory negligence. Nothing is shown in the record which would warrant a court in finding that the fixtures in the Lawrence residence were not in proper repair or that the accident could not have happened but for the want of care on the part of the plaintiff, except the testimony of the expert witnesses who testified that the accident could not have happened if the interior fixtures were in proper repair. The instruction therefore was not prejudicial to the defendant.

Under general allegations of damages the court admitted proof of the physical condition of the plaintiff before and after the injury. It is contended by the defendant that the court erred in allowing plaintiff's witnesses to testify to injuries to particular organs, and injuries of peculiar and extraordinary kinds. The allegation of the complaint is that the plaintiff, by reason of the injury, "suffered painful, serious and permanent injuries, in and upon his person and body, burning his hands and feet so that he was laid up and rendered sore, sick and lame for a long period of time, * * * and was and is and will be painfully and seriously burned, scarred and permanently injured for the remainder of his life."

We are of opinion that the allegation was sufficient to permit proof of the particular matters testified to, and that they were such as must be anticipated as the natural and ordinary consequences of receiving a current of electricity of such volume as the witnesses have testified the plaintiff received. The defendant did not ask to have the complaint made more specific, and it cannot be heard to complain that the court, under a general allegation, admitted proof of specific matters.

The defendant insists that the damages are excessive, and has produced a great number of authorities holding that verdicts for like amounts, awarded for similar injuries, were too large. The jury heard a detailed account of the plaintiff's injuries and saw for themselves the condition of the plaintiff's hands and feet. We are not warranted in disturbing the verdict unless the amount of damages awarded is so manifestly disproportionate to the injury received as to make it apparent that the jury was influenced by prejudice or misapprehension, or by some corrupt or improper consideration.—*Wall v. Livezay,* 6 Colo. 474.

The defendant further says that the evidence does not sustain the verdict, and that, if all its other contentions are decided adversely to it, the judgment must be reversed because the evidence fails to show that the defendant has been negligent, but does show that the accident could not have happened but for a defect in the interior wires and fixtures, which belonged to and were under the control of the appellee. We are of opinion that the evidence supported the verdict and that there were facts testified to from which the jury was warranted in finding that the defendant was guilty of negligence, or, at least, that it failed to overcome the *prima facie* case made by the plaintiff. These facts appeared upon the trial—that

the defendant company was in the exclusive control of a plant for the generation of electricity; that its business was that of selling electricity for lighting purposes; that the plaintiff was a member of the family of one of the patrons of the defendant company; that it carried on its primary wires a current of a thousand volts; that a converter box under the control of the defendant was used for the purpose of supplying the residence in question with a current of 50 volts, and no more; that if the converter box, or transformer, as it is sometimes called, were in proper condition, no more than fifty volts would be carried into the house on the secondary wire although the primary wires carried very much more than one thousand volts; that the plaintiff, on a certain evening, while attempting to turn on the electric light, received a current of electricity into his body of several hundred volts; that the shock rendered him unconscious for a time, his hands and feet were seriously burned and a portion of one foot had to be amputated; that after the accident the city electrician made an examination of the wiring in the house and an examination of the converter box; that a partial examination of the fixtures in the house disclosed no defect, and that the examination of the converter box did show a defect; that the official disconnected the house wires and took out the converter box because it was unsafe; that a current of fifty volts is not a dangerous current. With the facts before them the jury was perfectly justified in returning a verdict against the defendant.

The defendant, in support of its contention that it was not guilty of negligence and that the plaintiff was guilty of contributory negligence, introduced testimony tending to establish these facts—that the plaintiff could not have received the shock if he had held the rubber key while turning on the light, unless the inside wiring was defective; that the plaintiff,

when attempting to turn on the light, probably stood upon the metal register connected with the earth by metal pipes; that he probably took hold of the brass trimmings of the incandescent lamp instead of the rubber key; that no accident of the kind ever occurred at the place before; that if the voltage testified to as being necessary to produce the injuries had passed over the wires in the house, the light would have burned with a white light, for an instant only; that the light was used by the denizens of the residence a few moments after the accident, and that the light burned steadily; that all the appliances of the company are of standard makes, and that the business methods of the company have had the approval of nineteen years of practical test and have been found sufficient; that no evidence was offered showing that appellant failed to use any precaution employed by any other company; that the transformer used was the best that had been ascertained at that time and in that state of the science of electricity. But the jury, under proper instructions, found against the defendant.

The fact that the plaintiff, in attempting to turn on the light, touched not only the rubber key but some other part of the fixtures, or that he stood upon a metal register, cannot be regarded as a want of due care and caution. The fact that the interior fixtures may have been out of repair cannot relieve the company of the responsibility it owes to the public, and owed to the plaintiff, to not permit a deadly current of electricity to enter the house if within its power to prevent. The jury was instructed that even if the company's appliances were defective and the accident occurred by reason of such defect, nevertheless, unless the defendant knew or could have known by the exercise of reasonable care and caution of such defect, and have repaired the same and thereby have

prevented the accident, that the plaintiff could not recover. And the jury must have found that the appliances of the company were out of repair and that it could have discovered the defect by the timely test and inspection of its transformers.

We have held in the case of a gas company, quoting from *Koelsch v. Philadelphia Co.*, 152 Pa. St. 355, that, ''while no absolute standard of duty in dealing with such agencies can be prescribed, it is safe to say in general terms that every reasonable precaution suggested by experience and the known dangers of the subject ought to be taken. This would require in the case of a gas company not only that its pipes and fittings should be of such material and workmanship, and laid in the ground with such skill and care, as to provide against the escape of gas therefrom when new, but that such system of inspection should be maintained as would insure reasonable promptness in the detection of leaks that might occur from the deterioration of the material of the pipes, or from any other cause within the circumspection of men of ordinary skill in business.''—*United Oil Company v. Roseberry*, 30 Colo. 177.

The testimony shows that a very slight defect in the insulation of the wires carrying currents for distribution, or the least deterioration in the materials used for such insulation, may produce serious results, and that the climatic conditions in this vicinity are. such that the materials used for such insulation are less durable than in lower altitudes. Reasonable prudence and caution, then, would require that companies selling electricity should maintain a system of frequent inspection because of the climatic conditions peculiar. to this altitude.

The defendant introduced a contract with W. H. Lawrence, the father of the plaintiff, by the terms of which the company agreed to furnish light at a cer-

tain stipulated price. This was introduced, probably, in support of the allegations of the supplemental answer. By this contract the subscriber agrees to comply with all the rules, regulations and other provisions printed on the contract. On the contract there is printed a provision that in case the supply of light should fail from natural causes or accident, in any way, the company shall be liable for damages only after notice, and then only for the abatement of rent during such interruption; "nor shall it. be liable in any. event for damage to person or property arising, accruing or resulting from the use of the light." The object of this provision is to relieve the company from the obligation it owes to the general public and its patrons. Stipulations of this character cannot relieve the company of its liability for failure to perform its duty, and courts usually decline to enforce them, upon the ground that they are unconscionable and in contravention of public policy.

Other questions are presented by the assignment of errors, but we do not discuss them. We are satisfied from an examination of the whole record that substantial justice has been done the parties; that the jury could not properly have rendered any other verdict than one holding the company responsible for the injury. The verdict of the jury being reasonable under the circumstances shown, we shall affirm the judgment.                                   *Affirmed.*