. . [No. 4465.]

WILSON v. HARNETTE.

1. Evidence—Objections—Expert Testimony.

A general objection to the admission of testimony on the grounds that it is incompetent, immaterial and irrelevant, and that the question is leading, does not raise the question of the admissibility of expert testimony.

2. Mines and Mining—Discovery Vein—Expert Evidence.

. . The question as to whether or not the discovery vein of a mining claim location is such a lead as a reasonably prudent person would be justified in following with the expenditure of time and money, with the hope of finding gold in paying quantities, is a question upon which properly qualified persons may give their opinions in testimony.

.3. Adverse Suits—View of Premises—Guides—Parties.

In an adverse suit the appointment of one of the parties to the action as one of the guides to accompany the jury while viewing the premises is not an abuse of discretion, and is no ground of objection to the verdict and judgment.

4. Mines and Mining—Value of Discovery Vein—Expert Testimony—Presumptions.

In an adverse suit where a witness in answer to a question stated that he knew the value of the vein matter at the point of discovery, and then stated the value, it will be presumed that the witness based his answer upon his own knowledge where the opposing party was given an opportunity to show by cross-examination upon what his answer was based, and failed to do so.

*Appeal from the District Court of Teller County.*

Mr. GEORGE Q. RICHMOND and Messrs. TEMPLE & CRUMP, for appellant.

Mr. JOHN R. SMITH and Mr. GEORGE A. H. FRASER, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

Action was begun by Louise Wilson, owner of the Side Hill No. 2, in support of an adverse claim against the H. & H. No. 2. The claims are situated

in the Cripple Creek Mining District. The verdict was in favor of the defendant, and judgment was rendered thereon. The plaintiff appeals. The assignments of error relied upon to reverse the judgment are those relating to the admissibility of testimony, and the order of court approving the nomination of the defendant as one of the guides to accompany the jury while it was inspecting the premises in controversy.

The H. & H. No. 2 was located in June, the Side Hill No. 2 in December, 1896; and the principal contention at the trial was the existence or non-existence of a vein in the H. & H. No. 2. The witness Dean, a miner, over the objection of the plaintiff, was permitted to answer the following question: "I will ask you if, in your judgment as a miner and prospector, the lead discovered on the H. & H. No. 2 is such a lead as a reasonably prudent person would be justified in following with an expenditure of time and money, with the hope of finding gold in paying quantities." The same question in substance was asked the witnesses Minning and Eigle, and the objection that the testimony was incompetent, immaterial and irrelevant, and leading, was overruled. Under the authority of section 188a Mills' Annotated Code, the court appointed C. E. Harnette, the defendant, and E. E. Miller, guides to accompany the jury to the premises in controversy. The following appears in the abstract:

"By Mr. Crump: We ask that the jury be permitted to examine the ground under proper instructions and guidance. The plaintiff objected to the appointment of C. E. Harnette as one of the guides on the part of the defendant, he being the defendant in the case.

"By the Court: I will appoint Mr. Harnette, as

he seems to be the only person who is familiar with the property. Plaintiff excepts."

The three witnesses who answered the question were miners and prospectors, and had been engaged in mining and prospecting at Cripple Creek for a number of years. There was no testimony tending to discredit them as persons of experience as miners and prospectors, and we shall assume that they qualified themselves as persons possessing a knowledge of mining and prospecting. We held in the case *United Oil Company v. Roseberry*, 30 Colo. 177, that an objection to the form of the question did not present to the court the objection that expert testimony was not admissible, and we are of opinion that the general objection did not raise the question of the admissibility of expert testimony, and we are moreover of opinion that the matter inquired of was not a matter of common knowledge, and was a subject upon which expert testimony was properly taken. The objection now made that it was a question for the determination of the jury and not for the witnesses, is not well taken, for, although the general rule is, as stated by counsel: "That no witness may give his opinion in answer to a question which invades the province of the jury to determine the ultimate fact in the case," the exception that on questions of science or skill, or relating to some art or trade, persons instructed therein by study or experience may give their opinion, is universally recognized.—Lawson on Expert and Opinion Evidence, § 2.

In the case *McGonigle v. Cohn*, 20 Colo. 292, the court held that the opinions of men who, by study, observation or experience, have become expert with respect to matters not of common knowledge, may be given in evidence to the jury. And, in commenting upon the opinion in *Railroad Company v. O'Brien*, 16 Colo. 219, said with reference to a question put to

a witness: "The question was held proper upon. appeal, although if the opinion of the witness was accepted by the jury, the principal element going to show negligence on the part of the defendant was established."

We do not regard the action of the court in appointing the defendant one of the guides to accompany the jury to the property as an abuse of discretion. The statute does not require the appointment of disinterested persons, but persons who are designated by the respective parties. The court appointed the defendant as one of the guides and the grantee of the plaintiff as the other, probably selecting the two persons most likely to be of service to the jury, and his action in so doing should be sustained. Moreover, we do not think it good ground for objection that a guide nominated by a party, or that a party himself, has been appointed to act as a guide. The statute contemplates the appointment of partisans of the respective interests involved, and where the court selects the nominees of the parties, the statute has been followed even though a party should nominate himself.

A witness, in response to a question, stated that he knew the value of the vein matter at the point of discovery in the H. & H. No. 2 lode; an objection that the witness was not qualified was overruled, the court remarking that counsel might cross-examine. The witness then stated the value of the vein matter. It is urged that the question called for opinion testimony, and that the witness must have testified to information given him by some assayer. The defendant was afforded an opportunity to cross-examine the witness, but did not do so. The abstract fails to show upon what the witness based his answer, and as the question propounded did not call for an opinion,

we shall assume that the answer was based upon his own knowledge.

No error appearing in the record, we shall affirm the judgment.                           *Affirmed.*