[No. 5551.]

COLORADO & SOUTHERN RAILWAY CO. v. McGEORGE.

1. **Instructions — Conflicting —** Where one instruction prescribes the true rule, and another imposes upon the defeated party a duty beyond what is required by the law the error is fatal.—(18)

2. **Common Carriers—Duty to Passengers—**A common carrier of passengers is not an insurer. He is not required to exercise, for the safety of the passenger, all the skill and care which human foresight and diligence can suggest; but only the highest degree of care reasonable to be expected from human vigilance and foresight, in view of the mode and character of the conveyance, and the practical conduct of the business.—(18)

*Appeal from Denver District Court*—Hon. P. L. PALMER, Judge.

Messrs. DINES, WHITTED & DINES, and Mr. J. G. McMURRY, for appellant.

Mr. S. H. THOMPSON, Jr., and Mr. DANIEL PRESCOTT, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Appellee here, plaintiff below, Percy McGeorge, sued The Colorado and Southern Railway Company, defendant below, appellant here, to recover damages for personal injuries said to have been sustained by him while a passenger for hire on one of the defendant's trains. The accident was occasioned by a slide of dirt from the mountain side to and upon the track of the company, into which the train was precipitated on rounding a curve. The sudden shock to the train threw the plaintiff, who was then standing, across one of the car seats, and injury resulted to him, for which damage is here sought. Negligence on the part of the defendant is alleged as to maintenance of its road-bed, embankments thereto adjacent, its track, and the operation of its train. There seems, how-

ever, no doubt but that the land-slide was the direct cause of the injury which plaintiff sustained. Issue was joined on all of the averments of the complaint, except formal matters. In addition to other separate defenses the defendant specially pleaded unavoidable accident, alleging in substance that the approximate and efficient cause of the injury was the result of an act of God, unforseeable and irresistible, and which no human foresight could guard against or prevent. Issue was joined on all affirmative defensive matter and a trial had, which resulted in a verdict and judgment for the plaintiff; to review which the defendant brings the cause here by appeal.

Since the judgment must be reversed, because of error in instructions given, other assignments will not be considered. The trial judge in defining the duty which a common carrier owes to a passenger for hire told the jury this in its instruction number two:

"The jury are instructed that carriers of passengers for hire are bound to exert the utmost skill and prudence in conveying their passengers, and are responsible for the slightest negligence or want of skill, either in themselves or their servants. They are bound to use such care and diligence as the most careful and vigilant man would observe in the exercise of the utmost prudence and foresight. The law, in tenderness to human life and limb, holds railroad companies liable for the slightest negligence, and compels them to repel by satisfactory proofs every imputation of such negligence. Carriers of passengers are bound to carry safely those whom they take into their carriages, as far as human foresight and care will go; they are bound to the most exact care and diligence, not only in the management of the train and cars, but also in the structure and care of the track, and in all subsidiary arrangements necessary to the safety of passengers. They are bound to

exercise all the care and skill which human foresight and diligence can suggest.''

And again by and in its instruction number three the court said:

''It is the duty of the railway company engaged in transporting passengers, to do all that human care, vigilance and foresight can reasonably do, consistent with the mode of conveyance and the practical operation of the road, in providing safe road-bed and track and embankment along the road-bed, and to use like care to keep the same in repair, and have like care in the conduct and management of its train, for the safety of its passengers. The utmost degree of care which the human mind is capable of inventing or producing is not required, but the highest degree of care, vigilance and foresight that is reasonably practicable in the conduct and management of its road and business is required. Common carriers of passengers are held to the very highest degree of care and prudence that human care, vigilance and foresight could reasonably do, which is consistent with the practical operation of their road and the transaction of their business; yet they are not absolute insurers of the safety of their passengers; and if you find that the defendant exercised all reasonably practical care, diligence and skill in the location, construction, inspection and repairs of its road-bed, tracks and embankments, in the management and operation of the train at the time of the accident, alleged and shown to have occurred, and that the accident could not have been prevented by the use of the utmost practical care, diligence and skill consistent with the practical operation of its road, and the transaction of its business, then plaintiff cannot recover in this action.''

The foregoing instructions undertake to state the rule which governs the liability to and duty of the common carrier to its passenger for hire. No argu-

ment is needed to show that they are in hopeless and irreconcilable conflict. The first clearly states a higher and stricter rule as to the degree of care and diligence required. Both cannot be right. If the first is, then there was no prejudicial error in giving the latter, as it states a rule more favorable to the defendant than it was entitled to have. In that case, upon whichever one the jury may have based its finding, the defendant has no ground of complaint as to these instructions. On the other hand, if the first of said instructions incorrectly states the law, then the case must be reversed, because of the conflict between it and the true rule; for it is impossible to determine upon the doctrine of which instruction the jury acted, or by which it was governed, in reaching its verdict. We have examined practically all of the cases at hand, wherein this precise question has been considered, and reach the conclusion that the clear result of all of them is to the effect that:

"For the safety of their passengers, common carriers are required to exercise the highest degree of care reasonably to be expected from human vigilance and foresight, in view of the mode and character of the conveyance adopted and consistent with the practical prosecution of their business."—Fetter on Passengers, sec. 8, vol. I.

This is the rule expressly enunciated in some of the cases, and has the approval of nearly all of the courts of final resort in this country which have made any pronouncement upon the subject.—*Wright v. Railroad Company,* 4 Col. App. 102; *The Denver Electric Co. v. Simpson,* 21 Colo. 376; *The Denver Electric Co. v. Lawrence,* 31 Colo. 310; *Chicago & A. R. Co. v. Byrnum,* 153 Ill. 131; *Ark. Mid. Ry. Co. v. Canman,* 52 Ark. 517; *Pershing v. Railroad Co.,* 71 Ia. 561; *St. Louis & S. Ry. Co. v. Sweet,* 57 Ark. 287; *Murray v. Railroad Co.,* 66 Conn. 512; *Chicago*

*P. & St. L. Ry. Co. v. Lewis*, 145 Ill. 67; *Chicago & A. R. Co. v. Arnol*, 144 Ill. 261; *Meier v. Penn. R. Co.*, 64 Penn. 225; *Pittsburgh, etc., R. R. Co. v. Thompson*, 56 Ill. 138; *Southern K. Ry. Co. v. Walsh*, 45 Kan. 653; *Tuller v. Talbott*, 23 Ill. 357; *Phila. W. & B. Ry. Co. v. Anderson*, 72 Md. 519; *Kennon v. Gilmer*, 5 Mont. 257; *Elliott v. Rwy. Co.*, 18 R. I. 707; *Ford v. Railway Co.*, 2 Frost & F. 730; *Indianapolis & St. L. R. Co. v. Horst,* 93 U. S. 291; *Michigan Central Ry. Co. v. Coleman*, 28 Mich. 439.

Tested by the foregoing rule the instruction first quoted is fundamentally wrong. By the use of the words, "They (common carriers of passengers) are bound to exercise all the care and skill which human foresight and diligence can suggest," contained in the last clause thereof, without condition or modification, the highest care and diligence which human foresight could suggest, that is conceive or imagine, was here imposed upon the defendant by the court, without restriction or limitation. Thus we think the rule too broadly stated, and the standard of care set too high. For all practical purposes it makes the carrier an insurer, and such is not the law. The carrier should be required to do all that human vigilance and foresight can *reasonably* accomplish for the passenger's safety, consistent with the mode of conveyance, and the *practical* operation of the road, not all that the human mind might apprehend as being likely to ward off any and every imaginable peril. Such rule, strictly enforced, would be well calculated to put us back to the stage-coach day, or possibly to even more primitive methods of transportation.

In 4 Col. App. 102, *supra,* that court, in an opinion by Mr. Justice Thomson, although the precise question was not there for consideration and determination, recognized and approved this rule in the following language:

"While carriers are not insurers of the safety of passengers as they are of freight committed to them for shipment, still they are held to the utmost care, vigilance and precaution to guard against accident, consistent with the mode of conveyance and its practical operation."

This court, in *Denver Electric Co. v. Simpson, supra,* speaking through Mr. Justice Campbell, approving this doctrine, although in a case of a different character, yet involving as we think the like principle, said:

"Under the facts of this case, the law required of the defendant conducting, as it did, a business so dangerous to the public, the highest degree of care which skill and foresight can attain, consistent with the practical conduct of its business under the known methods and present state of its particular art."

Again in *Denver Electric Co. v. Lawrence, supra,* this court, speaking through Mr. Justice Steele, and approving the rule laid down in the preceding case, which is in accord with what seems to us to be well settled respecting the degree of care and diligence due to their patrons from those engaged in a business fraught with danger and peril to the public, announced the following:

"The company insists that it is not an insurer and that its obligation is that of using ordinary care. We are not prepared to say that it is an insurer, but the patrons of the company have the right to presume that they will not be injured in attempting to use that which the company sells, and that it will do all that human care, vigilance and foresight can *reasonably* do, consistent with the *practical* operation of its plant, to protect those who use its electric light."

In discussing this subject the supreme court of Arkansas, in *Railway Co. v. Canman, supra,* thus announced the rule:

"Railroad companies 'are bound to the most exact care and diligence, not only in the management of trains and cars, but also, in the structure and care of the track, and in all the subsidiary arrangements necessary to the safety of the passengers.' While the law demands the utmost care for the safety of the passengers it does not require railroad companies to exercise all the care, skill and diligence of which the human mind can conceive, nor such as will free the transportation of passengers from all possible peril. They are not required, for the purpose of making their roads perfectly safe, to incur such expense as would make their business wholly impracticable, and drive prudent men from it. They are, however, independently of their pecuniary ability to do so, required to provide all things necessary to the security of the passengers reasonably consistent with their business 'and appropriate to the means of conveyance employed by them,' and to adopt the highest degree of practicable care, diligence and skill that is consistent with the operating of their roads, and that will not render their use impracticable or inefficient for the intended purposes of the same."

In *Indianapolis & St. Louis Railroad Company v. Horst, supra,* the supreme court of the United States, having under consideration the meaning of the terms, the *highest* degree of *carefulness* and *diligence,* as used in connection with the duty which common carriers owe to passengers for hire, speaking through Mr. Justice Swayne, said:

"The terms in question do not mean all the care and diligence the human mind can conceive of, nor such as will render the transportation free from all possible peril, nor such as would drive the carrier from his business. It does not, for instance, require in respect to either passenger or freight trains, steel rails, and iron or granite cross-ties, because such ties

are less liable to decay, and hence safer than those of wood; nor upon freight trains air brakes, bell-pulls and a brakeman upon every car; but it does emphatically require everything necessary to the security of the passenger upon either, and reasonably consistent with the business of the carrier, and the means of conveyance employed.''

In 45 Kan. 653, *supra,* where a suit was brought by a passenger for hire to recover for injuries sustained as the result of the derailment of the train upon which he was riding, the court, referring to the duty upon a carrier, under such circumstances, to a passenger, declared this to be the rule:

''It is bound to exercise the highest degree of practicable care; not the utmost possible precaution that might be imagined, but the highest care and best precaution known to practical use, and which are consistent with the mode of transportation.''

In 144 Ill. 261, *supra,* on the same subject, the supreme court of that state announced the following:

''Ordinarily, carriers of passengers for hire, while not insurers of absolutely safe carriage, are held to the exercise of the highest degree of care, skill and diligence practically consistent with the efficient use and operation of the mode of transportation adopted.    *    *    *    The care and diligence exacted are not such as will exclude all possible peril, or required to be of that degree that will render use of the instrumentalities of transportation, known to be employed, impracticable.''

Wharton, in his Law of Negligence, second edition, section 629, commenting upon this matter, says:

''But the railroad company, as we will have occasion further to see, does not warrant the security of the carriage. It is liable for a failure to apply the degree of care, skill and diligence, which good business men of the class are accustomed, under simi-

lar circumstances, to apply. But perfect skill and care are not required; nor is the company compelled to exert an excessiveness of caution which would defeat the object for which the road was built.''

In Wood's Railway Law, at section 301, this is said on the matter here under consideration:

''The law does not require railway companies to use all the care and diligence the human mind can conceive, nor such as will render the transportation of passengers free from all possible peril.''

Upon the question as to whether a railroad train had been properly managed by the operating company, having reference to its legal duty to a passenger, the supreme court of Michigan, speaking through Mr. Justice Campbell in the case of *The Michigan Central Ry. Co. v. Coleman, supra,* said:

''The jury were told that carriers of passengers are 'legally bound to exert the utmost care and skill in conveying their passengers, and are responsible for the slightest negligence or want of skillfulness, either in themselves, or in their servants.' 'That the law is, that common carriers of passengers are bound to the utmost care and skill in the performance of their duty. That the degree of responsibility to which carriers of passengers are subject is not ordinary care, which will make them liable for ordinary neglect, but extraordinary care, which renders them liable for slight neglect. It is the danger to the public which may proceed, even from slight faults, unskillfulness or negligence of passenger carriers or their servants, and the helplessness in which passengers by their conveyances are, which make this duty of extraordinary care a legal one.' The language used would fairly permit the jury to find anything to be negligence which could by any possibility be avoided. But negligence is neither more nor less than failure of duty. All railroad companies are

held to the duty of being prudent railroad companies, and bound to conduct their business with such precautions as prudence has usually found necessary."

In a suit for damages for injury to a passenger on a railroad train, the trial court of Illinois instructed as to the duty of the company, employed in transporting passengers, among other things, as follows:

"To do all that human care, vigilance and foresight can do, both in providing safe coaches, machinery, tracks and roadway, and to keep the same in repair."

Upon a review of the case the supreme court of that state, *The Pittsburgh, etc., Ry. Co. v. Thompson,* 56 Ill. 138, in reference to this direction of the court, to which objection had been made below, and exception reserved, as imposing too high a degree of care and diligence, said:

"The instruction, in its strict sense, was open to this objection, the true rule being, as said by this court in *Tuller v. Talbott,* 23 Ill. 357, that the carrier shall do all that human care, vigilance and foresight can reasonably do, consistent with the mode of conveyance and the practical operation of the road. A company cannot be required, for the sake of making travel upon their road absolutely free from peril, to incur a degree of expense which would render the operation of the road impracticable."

These authorities, besides a host of others which adhere to a like view, seem to us to be precisely in point, and to absolutely demand and force the conclusion to which we come. The instruction complained of is so strongly and distinctively in conflict with what seems to be the settled rule of law on the subject, and also with sound reason and practical common sense, that it should not, on any plea, be permitted to stand.

For the reasons here given the judgment is reversed and the cause remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.